STATE of Missouri,
Plaintiff-Respondent,

v.

Clarence BENNETT,
Defendant-Appellant.

No. KCD 28857.

Missouri Court of Appeals,
Kansas City District.

Oct. 31, 1977.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 5, 1977.

Application to Transfer Denied
Jan. 9, 1978.

Ollie R. Mack, Tofle, Mack & Oxenhandler, Columbia, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., WELBORN and HIGGINS, Special Judges.

Robert R. WELBORN, Special Judge.

On a jury trial, Clarence Bennett was found guilty of tampering with a motor vehicle. §§ 560.175, 560.180, RSMo 1969. He has appealed the judgment, and sentence, entered on the verdict, to three years' imprisonment.

The sole question on this appeal is the sufficiency of the state's evidence identifying appellant as the person who committed the offense.

At around 9:30 A.M., November 10, 1975, employees at the Boone County Hospital looked out a window and saw a man squatting beside a green 1974 AMC Hornet, owned by a hospital employee and parked on a parking lot at the hospital some 100 feet from where the women were. The Hornet auto was equipped with a citizen's band radio. The man squatting by the car was apparently trying to unlock it. One employee, Laura Campbell, saw the man throw something that looked like a wire under the Hornet. He went back to an El Camino pickup truck, sat in the truck for a while and then returned to the Hornet, pulled a long object which looked like a wire from under the Hornet and again tried to enter the vehicle. He made another trip to the pickup and again returned to the Hornet and unsuccessfully attempted to enter it. He returned to the pickup, sat there a few minutes and then drove off, toward the north of the parking lot. As he did so, the pickup was stopped by two police vehicles, one entering the parking lot from the east and the other from the west. According to Ms. Campbell, she watched the man for about ten minutes. "He was already there when I went to the window and we observed him up until the police had caught him."

Police had gone to the parking lot in response to a telephone call from Deana McDonald, another hospital employee who had seen "a fellow by a green car * * * fiddling with the lock * * *." Ms. McDonald went to the parking lot, went up to the back of "his truck," an El Camino, and took its license number. She saw the man get into the truck before she went outside. After calling the police, she returned to the window and saw two police cars come on the parking lot and an officer walked up to "his truck."

Officer Logan of the Columbia Police Department went to the hospital parking lot in response to a radio call. He entered the lot from the west, saw an El Camino type vehicle exiting from a parking place and come toward the police car. The police car blocked the forward movement of the pickup and the officer and driver of the pickup got out of their vehicles and approached each other. At some point the officer placed the pickup driver under arrest and took him to the police station for booking.

At Bennett's trial, Ms. Campbell, Ms. McDonald and Officer Logan testified, but none could identify Bennett as the man they saw on the parking lot. The defendant in his case called Ms. Campbell and Ms. McDonald and showed them photographs of Bennett taken at police headquarters at the time of his booking. Ms. McDonald said that she could not say that the person pictured was the man she saw because she did not recall that he had a mustache as Bennett did in the photograph. Ms. Campbell could not identify the person pictured as the man she saw because the man she saw had longer hair than that shown in the picture.

The jury returned a verdict of guilty and fixed the punishment at three years' imprisonment.

On this appeal, the sole contention is that the state failed to produce an identification of appellant as the person who tampered with the vehicle. Appellant does not question the sufficiency of the evidence of tampering and admits that he was the person arrested on the parking lot, but contends that the state's evidence did not exclude the

reasonable theory that someone else tampered with the vehicle and the police arrested the wrong man. Appellant relies upon the inability of the eyewitnesses to the offense to identify him at the trial. He also relies upon discrepancies in the testimony of those witnesses between their testimony at the trial and at the preliminary hearing in that at the preliminary hearing the women described the pickup as a bluish vehicle whereas at the trial Ms. Campbell described it as brown and Ms. McDonald said she could not recall the color of the vehicle.

The difficulty with this argument is that it ignores the state's evidence by witness Campbell that she saw the person tampering with the Hornet get into his pickup truck and start to drive away and saw the pickup stop between two police cars. As above recited, she saw the tamperer "up until the police had caught him." It also ignores the testimony of witness McDonald that after getting the license number of the truck, she returned to the window and the man she saw was in the pickup truck, starting to drive away and the police came and one of them walked up to the truck. This evidence was sufficient to permit the jury to find beyond a reasonable doubt that the person arrested, admittedly Bennett, was the same person that the witnesses saw tampering with the automobile on the parking lot.

The absence of more direct testimony by the state's witnesses was not destructive of the state's case. *State v. Stockdale,* 415 S.W.2d 769, 771[2–5] (Mo.1967); see *State v. Hamilton,* 149 Me. 218, 100 A.2d 234, 240–241 (1953); *Brown v. State,* 98 Ga.App. 350, 105 S.E.2d 785, 786[1–3] (1958).

The inability of the witnesses to recognize appellant from the police photographs went merely to the weight and credibility of their testimony, matters for the jury. The same is true as to the discrepancies between the trial and preliminary hearing testimony.

Appellant's argument that the state's evidence showed only presence on the parking lot and opportunity to commit the offense is not valid. The state's evidence, if believed,

showed that the person arrested was the person who had tampered with the automobile.

Because the question here is essentially factual, there is no need to distinguish the numerous cases cited and relied upon by appellant. There is no question that mere presence at the scene of a crime (*State v. Castaldi,* 386 S.W.2d 392 (Mo.1965)) or opportunity to commit an offense (*State v. Walker,* 365 S.W.2d 597 (Mo.1963)) is not sufficient for a finding of guilt. However, the state's evidence here did go beyond such proof and was sufficient to admit of the jury's finding of guilt.

Judgment affirmed.

All concur.